UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRIN BATTEN, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>CITI GENERAL HARDWARE, INC., and CITI PAINTS AND HARDWARE, INC., and BROOKLYN HARDWARE SUPPLY CO., INC., and MARKS TOOLS AND HARDWARE, INC., and JAMAICA BUILDING SUPPLY INC., and MUJAHIDAL ISLAM, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 24-cv-2039<br><br>Jury Trial Demanded |

DARRIN BATTEN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against CITI GENERAL HARDWARE, INC., and CITI PAINTS AND HARDWARE, INC., and BROOKLYN HARDWARE SUPPLY CO., INC., and MARKS TOOLS AND HARDWARE, INC., and JAMAICA BUILDING SUPPLY INC. (together as "the Corporate Defendants"), and MUJAHIDAL ISLAM, individually, (collectively, with the Corporate Defendants, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.  This is a civil action for damages and other redress based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1); 12 NYCRR § 142-2.1 (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.18; (v) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

  2. Plaintiff worked for Defendants - - five legally distinct New York entities that together operate as a single integrated enterprise to run at least seven hardware stores in Brooklyn, Manhattan, and Queens, and the enterprise's owner and day-to-day overseer - - as a wholly intrastate truck driver from in or around January 2017 through May 22, 2023. As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to former Governor Andrew M. Cuomo's executive tolling orders, until the end of his employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week, yet in exchange, Defendants paid Plaintiff a flat weekly salary regardless of how many hours that Plaintiff worked in a week, which did not include overtime premiums for those hours that Plaintiff worked in a week in excess of forty.

3. Additionally, during Plaintiff's employment in 2019 and 2020, the flat weekly salary that Defendants paid Plaintiff, when divided by the number of hours that Plaintiff worked in a week, fell below the minimum wage rate that the NYLL requires per hour of work.

4. Moreover, during Plaintiff's employment in 2019 and 2020, for those days when his shifts exceeded ten hours from beginning to end, which was almost every workday, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

5. Lastly, Defendants violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday, let alone an accurate wage statement.

6. Defendants have paid and treated all of their non-managerial employees, including truck drivers, warehouse workers, cashiers, and receptionists, in the same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

11. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times, Defendant Citi General Hardware, Inc. was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 100 St. Nicholas Avenue, New York, New York 10026, and which maintains its principal place of business at the same location.

13. At all relevant times, Defendant Citi Paints and Hardware, Inc. was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 331 Tompkins Avenue, Brooklyn, New York 11216, and which maintains its principal place of business at the same location.

14. At all relevant times, Defendant Brooklyn Hardware Supply Co., Inc. was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 64 5th Avenue, Brooklyn, New York 11217, and which maintains its principal place of business at the same location.

15. At all relevant times, Defendant Marks Tools and Hardware, Inc. was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 557B McDonald Avenue, Brooklyn, New York 11218, and which maintains its principal place of business at the same location.

16. At all relevant times, Defendant Jamaica Building Supply Inc. was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 178-01 Jamaica Avenue, Jamaica, New York 11432, and which maintains its principal place of business at the same location.

17. At all relevant times herein, while nominally distinct entities, the Corporate Defendants together operated and continue to operate as a single business enterprise engaged in operating hardware stores in Brooklyn, Manhattan, and Queens. Indeed, these entities are commonly owned and managed, are commonly controlled financially, and they co-mingle employees so that their employees, including Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs, are not aware of which entity they are working for at any given time.

18. To that end, Defendant Islam was and is an owner and day-to-day overseer of the Corporate Defendants, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and employees' work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

19. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business has exceeded and exceeds $500,000.00. Furthermore,

5

Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employs two or more employees, operate a business that purchases numerous products that have moved across state lines, and have accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

21. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

22. At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty,

yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff complained to Defendant Islam multiple times that Defendants were not paying him overtime pay for his overtime hours worked in accordance with the law, but Defendants continued to pay him a flat weekly salary that did not include overtime for the remainder of his employment.

23. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

24. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCRR.

25. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

26. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

Numerosity

27. At all times relevant to the NYLL, Defendants have employed at least forty employees who are putative members of this class.

Common Question of Law and Fact

28. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants have required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a workweek; (4) whether Defendants have failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a workweek; (5) whether Defendants have failed to pay the Rule 23 Plaintiffs at least at the minimum wage rate that the NYLL requires per hour of work; (6) whether Defendants have failed to pay the Rule 23 Plaintiffs spread-of-hours pay for each day where their spread of hours worked has exceeded ten from beginning to end; (7) whether Defendants have furnished the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (8) whether Defendants have kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (9) whether Defendant have kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs for each hour worked; (10) whether Defendant have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

### Typicality of Claims or Defenses

29. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants: did and do not pay them overtime wages for all hours that they work over forty in a week; and/or did and do not pay them at least at the minimum wage rate that the NYLL requires per hour of work; and/or did and do not provide them with spread of hours compensation for all days when their spread of hours worked exceeds ten; and/or did and do not furnish them with an accurate wage statement on each payday. Plaintiff and Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their overtime and minimum wages, to receive spread of hours compensation when required, and to be furnished with an accurate wage statement on each payday. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR. Plaintiff and Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

30. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime wages at the rate of time and one-half his regular rate of pay for all hours worked over forty in a week, did not pay Plaintiff at least at the minimum wage rate that the NYLL requires per hour of

9

work, did not pay Plaintiff spread of hours pay of one hour at the minimum wage rate for each day when his spread of hours worked exceeded ten, and did not furnish Plaintiff with an accurate wage statement on each payday, which is substantially similar to how Defendants paid and treated and pay and treat the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint that pertain to him and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

31. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

32. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

33. Any lawsuit brought by any non-managerial employee who worked for Defendants in New York would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

34. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

35. The Corporate Defendants are five nominally distinct New York corporations that together operate hardware stores in Brooklyn, Manhattan, and Queens under, at least, the following names at the following locations:

   a. "Citi General Hardware, Inc." - 100 St. Nicholas Avenue, New York, New York 10026; 321 Franklin Avenue, Brooklyn, New York 11238; and 191 Clifton Place, Brooklyn, New York, 11216.

   b. "Citi Paints and Hardware, Inc." - 331 Tompkins Avenue, Brooklyn, New York 11216;

   c. "Brooklyn Hardware Supply Co., Inc." - 64 5th Avenue, Brooklyn, New York 11217;

   d. "Marks Tools and Hardware, Inc" - 557B McDonald Avenue, Brooklyn, New York 11218; and

   e. "Jamaica Building Supply, Inc." - 178-01 Jamaica Avenue, Jamaica, New York 11432.

36. At all relevant times herein, Defendant Islam was and is an owner of the Corporate Defendant, who in that role managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, including, as detailed above, with respect to all personnel-related matters.

37. Plaintiff worked for Defendants from in or around January 2017 through May 22, 2023, as a driver, in which his role was to pick up from and deliver construction materials, such as paint, brick, and concrete, to all of Defendants' stores, all located within in New York. At no time did Defendants advise Plaintiff that he was performing work for any specific entity, and to the contrary, Plaintiff performed his work for the benefit of Defendants' enterprise as a whole.

38. From the beginning of the Relevant Period until in or about December 2020, Defendants required Plaintiff to work, and Plaintiff did generally work, five days a week, Monday through Friday from 6:30 a.m. to 5:00 p.m., without a scheduled or uninterrupted break during his shifts, for a total of fifty-two hours and thirty minutes per week. From in or about January 2021 until the end of his employment, Defendants required Plaintiff to work, and Plaintiff did generally

work, five days a week, Monday through Friday from 7:00 a.m. to 4:00 p.m., without a scheduled or uninterrupted break during his shifts, for a total of forty-five hours per week.

39. Throughout the Relevant Period, Defendants paid Plaintiff a flat weekly salary of $700.00. The flat weekly salary that Defendants paid Plaintiff did not change based on how many hours Plaintiff worked in a week, and did not include overtime premiums at the rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked over forty in a week.

40. Further, during 2019 and 2020, Defendants paid Plaintiff below the applicable minimum wage rate that New York law required for each hour worked.

41. In addition, during Plaintiff's employment in 2019 and 2020, Defendants routinely required Plaintiff to work shifts that exceeded ten hours from start to finish, yet for those days, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

42. By way of example only, for the week of October 11 through October 17, 2020, Defendants required Plaintiff to work, and Plaintiff did work, a total of fifty-two hours and thirty minutes, according to the following schedule, without a scheduled or uninterrupted break during his shifts:

> Sunday, October 9, 2022: off;
>
> Monday, October 10, 2022: 6:30 a.m. to 5:00 p.m.;
>
> Tuesday, October 11, 2022: 6:30 a.m. to 5:00 p.m.;
>
> Wednesday, October 12, 2022: 6:30 a.m. to 5:00 p.m.;
>
> Thursday, October 13, 2022: 6:30 a.m. to 5:00 p.m.;
>
> Friday, October 14, 2022: 6:30 a.m. to 5:00 p.m.; and
>
> Saturday, October 15, 2022: off.

In exchange for his work that week, Defendants paid Plaintiff his fixed weekly salary of $700.00, which did not include overtime pay for the twelve and one-half hours of work that he performed in excess of forty.  Defendants also paid Plaintiff below the New York minimum wage rate for each of work during this week, and did not pay Plaintiff an additional hour of pay at the minimum wage rate for the five days during it when his shift exceeded ten hours from beginning to end.

43. From the beginning of the Relevant Period through in or around January 2022, Defendants paid Plaintiff in cash on a weekly basis.  From in or around February 2022 until the end of Plaintiffs' employment, Defendants paid Plaintiff by combination of cash and check on a weekly basis.

44. On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants failed to provide Plaintiff with any wage statement, let alone a wage statement that accurately listed, *inter alia*, his total hours worked that week and his regular and overtime rates of pay for every hour that he worked.  Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

45. Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46. Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

47. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

48. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

51. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

52. Defendants willfully violated the FLSA.

53. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

55. Plaintiff, and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, And FLSA Plaintiffs were and/or are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Plaintiff, And FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

59. Plaintiff, And FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

60. Plaintiff, And FLSA Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

61. Plaintiff, and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

63. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, And FLSA Plaintiffs were and/or are employees within the meaning of the NYLL and the NYCRR.

64. As also described above, Defendants failed to compensate Plaintiff, And FLSA Plaintiffs in accordance with the NYLL's and the NYCRR's minimum wage provisions.

65. At the least, Plaintiff, And FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked.

66. Plaintiff, And FLSA Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

67. Plaintiff, and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 652(1) and 12 NYCRR § 142-2.18 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

69. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, And FLSA Plaintiffs were and/or are employees within the meaning of the NYLL and the NYCRR.

70. As also described above, Plaintiff, And FLSA Plaintiffs worked days when their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

71. Plaintiff, And FLSA Plaintiffs are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

72. Plaintiff, And FLSA Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

73. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

75. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, And FLSA Plaintiffs were and/or are employees within the meaning of the NYLL.

76. As also described above, Defendants, on each payday, failed to furnish Plaintiff, And FLSA Plaintiffs with any wage statement, let alone a statement that accurately contained the criteria that the NYLL requires.

77. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, And FLSA Plaintiffs in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

78. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, and FLSA Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.      Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

      k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       March 20, 2024

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                910 Franklin Avenue, Suite 205
                Garden City, New York 11530
                Tel. (516) 248-5550
                Fax. (516) 248-6027

By:   */s/ Yuezhu Liu*
      YUEZHU LIU
      ALEXANDER T. COLEMAN (AC 8151)
      MICHAEL J. BORRELLI (MB 8533)