UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DARRIN BATTEN, on behalf of himself, individually, and on behalf of all others similarly-situated,

                              Plaintiff,

           -against-

CITI GENERAL HARDWARE, INC., CITI PAINTS AND HARDWARE, INC., BROOKLYN HARDWARE SUPPLY CO., INC., MARKS TOOLS AND HARDWARE, INC., JAMAICA BUILDINGS SUPPLY INC., and MUJAHIDAL ISLAM, individually,

                              Defendants.
------------------------------------------------------------- x

**ORDER**

24 Civ. 2039 (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

The Court has considered Plaintiff's motion for conditional collective action certification, Defendants' opposition, and Plaintiff's reply.  See ECF Nos. 34-36.  For the reasons stated below, the Court denies the motion for conditional collective action certification.

**I.    BACKGROUND**

Plaintiff seeks conditional collective action certification with an order conditionally certifying the FLSA collective with respect to "all similarly-situated non-managerial employees, who[,] during the applicable FLSA limitations period, performed any work for Defendants as truck drivers, truck loaders, warehouse workers, cashiers, receptionists, or in another similar position."  ECF No. 34 at 1.  Plaintiff claims that he worked as "a wholly intrastate truck driver from in or around January 2017 through May 22, 2023."  Id.  Defendants are several hardware stores, which Plaintiff claims operate as one enterprise.  Id.  Plaintiff alleges that there are

1

approximately 50 other employees who, like him, were not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA").  ECF No. 34 at 2.

## II.     RELEVANT LAWS

### A.     Collective Action Certification Standards

Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime compensation "against any employer . . .  by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The Supreme Court has held that "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989); see Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 70 n.1 (2013) (characterizing section 216(b) as a "joinder process").

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under the FLSA.  See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010).  In the first step, which corresponds to the conditional-certification stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs."  Id. at 555 (citations omitted).  The plaintiff need only "make a 'modest factual showing'" that the plaintiff and potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'"  Id. (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a 'factual nexus' exists between

the plaintiff's situation and the situation of other potential plaintiffs." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted). The "similarly situated" analysis is "quite distinct from the question [of] whether [the] plaintiffs have satisfied the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." Myers, 624 F.3d at 555-56. Mere "unsupported assertions" are not sufficient to pass the first step, "but it should remain a low standard of proof because the purpose of the first stage is to merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. at 556 (citations omitted). The Second Circuit has explained the "similarly situated" standard to mean that "named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 516 (2d Cir. 2020) (citation omitted). "[I]f named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, 'dissimilarities in other respects should not defeat collective treatment.'" Id. (quoting Campbell v. City of Los Angeles, 903 F.3d 1090, 1114 (9th Cir. 2018)).

The factual showing required for conditional certification is a "lenient one." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) (citation omitted); Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55 (S.D.N.Y. 2005) (noting that plaintiffs face "only a very limited burden . . . for purposes of proceeding as a collective action" (citations omitted)). Courts "need not engage in [a merit] inquiry" at the first step of the conditional certification of an FLSA collective. Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 447 (S.D.N.Y. 2013) (citing Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)) (finding that courts must not "weigh the merits of the underlying claims" at the preliminary certification stage). Indeed, because a court "must take care to avoid even the

3

appearance of judicial endorsement of the merits" of an action at this stage, Hoffmann-La Roche, 493 U.S. at 174, a "court may not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations,'" Jeong Woo Kim, 985 F. Supp. 2d at 446 (quoting Lynch, 491 F. Supp. 2d at 368) (citation omitted). "Accordingly, if the plaintiff's allegations are sufficient on their face to support conditional certification, a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions." Id. at 446 (collecting cases); Sanchez v. Gansevoort Mgmt. Grp., No. 12 Civ. 75 (KBF), 2013 WL 208909, at *1 n.1 (S.D.N.Y. Jan. 10, 2013) (stating that, to the extent an affidavit submitted by the defendants "contradicts statements sworn to by the plaintiffs, the [c]ourt will grant the plaintiffs the benefit of the doubt given the posture of [the conditional certification] motion" (citation omitted)).

"[P]ersonal observation and conversations" with other employees, detailed in declarations, can be enough to demonstrate a common policy or plan for the purposes of conditional certification in an FLSA overtime claim. Miranda v. Gen. Auto Body Works, Inc., No. 17 Civ. 4116 (AMD) (RER), 2017 WL 4712218, at *2 (E.D.N.Y. Oct. 18, 2017) (citation omitted); see Wraga v. Marble Lite, Inc., No. 05 Civ. 5038 (JG) (RER), 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) ("[c]ourts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees" (citations omitted)); Fa Ting Wang v. Empire State Auto Corp., No. 14 Civ. 1491 (WFK) (VMS), 2015 WL 4603117, at *2, *6-7 (E.D.N.Y. July 29, 2015) (granting conditional certification where the plaintiff's affidavit set forth a defendant's plan or scheme to not pay overtime compensation and identified by name similarly situated employees).

4

An employee cannot become a party to such an action, however, unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending. See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so.").

For the purposes of determining conditional certification, a court may credit a plaintiff's statements. See Yi Mei Ke v. JR Sushi 2 Inc., No. 19 Civ. 7332 (PAE) (BCM), 2021 WL 148751, at *8 (S.D.N.Y. Jan. 15, 2021) ("[C]ourts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice." (citation omitted)), aff'd, No. 19 Civ. 7332 (PAE) (BCM), 2021 WL 465359 (S.D.N.Y. Feb. 9, 2021); Qiang Lu v. Purple Sushi, Inc., 447 F. Supp. 3d 89, 95 (S.D.N.Y. 2020) (crediting Plaintiff's attestation that he "befriended some co-workers and . . . talked to them about [their] work" (citation omitted)). Nonethless, "declarations with vague and conclusory allegations and unsupported assertions [are] insufficient to establish that others are similarly situated." Errickson v. Paychex, Inc., 447 F. Supp. 3d 14, 23 (W.D.N.Y. 2020) (citation & quotations omitted); see Qing Gu v. T.C. Chikurin, Inc., No. 2013 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) ("Plaintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation.  Plaintiffs fail to provide any factual detail about the other employees, such as names of fellow employees whom they observed or with whom and when they had conversations about not receiving minimum wage or overtime compensation. Nor do they identify the job titles or duties performed by their fellow employees.  The plaintiffs who worked at more than one location did not specify to which location their observations pertained. . . . Plaintiffs have not provided a factual basis for the court to consider whether the

5

employees plaintiffs refer to are similarly situated to them."); id., at *4 (collecting cases where the plaintiffs' motion for conditional certification lacked sufficient specificity). When a plaintiff's own knowledge is insufficient to support a collective action certification motion, plaintiffs often submit declarations from other potential plaintiffs to advance the motion. See Romero, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (denying conditional collective certification where, inter alia, the "[p]laintiff does not include any admissible affidavits from other employees who were not paid minimum wage"). Where a plaintiff's claim on behalf of a collective action includes allegations that the certification should include employees at different but allegedly related locations or businesses, the plaintiff must provide some detail as to the allegedly unlawful conditions at the various locations or businesses. See Qing Gu, No. 2013 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3.

Courts have discretion to authorize sending notice to potential plaintiffs in a collective action at the conditional-certification stage upon a plaintiff's demonstration that potential class members are "similarly situated." Id. at 266-67 (citing Sbarro, 982 F. Supp. at 261); see Hoffman-LaRoche, 493 U.S. at 169 ("[D]istrict courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs."); Sobczak, 540 F. Supp. 2d at 362 (citations omitted). After the distribution of the notice, the completion of any opt-in period, and any additional discovery, the court proceeds to the second step of the two-part Section 216(b) inquiry. "[A]t the second stage, the district court will, on a fuller record, determine whether . . . the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Myers, 624 F.3d at 555.

B. **FLSA Exemptions**

Plaintiff brings his claims for the collective action under the FLSA. See ECF No. 1 ¶ 7. Given that the collective action that Plaintiff wishes to certify would include employees who performed work "as truck drivers, truck loaders, warehouse workers, cashiers, receptionists, or in another similar position," ECF No. 34 at 1, the Court identifies two provisions of the FLSA that may exempt employees in such a collective action from coverage under the FLSA. First, Section 213(b)(1) provides that the FLSA's overtime requirements do not apply to specified employees who fall under the Secretary of Transportation's jurisdiction. According to the Motor Carrier Exemption ("MCE"), the FLSA's overtime provision "shall not apply with respect to . . . any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). In turn, Section 31502 states that

> [t]he Secretary of Transportation may prescribe requirements for . . . (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation.

49 U.S.C. § 31502(b). It may therefore be the case that Plaintiff and other proposed members of the collective action are exempt from the overtime provisions of the FLSA. Second, Plaintiff proposes that "cashiers" and "receptionists," see ECF No. 34 at 1, be included in the collective action. Such administrative workers may not be entitled to FLSA protections because individuals "employed in a bona fide executive, administrative, or professional capacity" may under certain circumstances be exempt from FLSA protections. See 29 U.S.C. § 213(a)(1).

In cases involving exemptions under the FLSA, conditional collective action certification is warranted where the plaintiff makes, inter alia, "some showing that 'there are other employees

. . . who are similarly situated with respect to their job requirements . . . ,' on which the criteria for many FLSA exemptions are based, [and] who are classified as exempt pursuant to a common policy or scheme." Myers, 624 F.3d at 555 (citation omitted). "Therefore, when a plaintiff seeks conditional certification in a suit that implicates the Motor Carrier Exemption, the court must focus on: (1) whether there are other employees with similar job requirements; and (2) whether those employees [were] classified as exempt pursuant to a common policy or scheme." Qi Zhang v. Bally Produce, Inc., No. 12 Civ. 1045 (FB) (JMA), 2013 WL 1729274, at *3 (E.D.N.Y. Apr. 22, 2013). "Where a collective action contains a mix of employees, some of whom are classified exempt from the FLSA's requirements, and some of whom are classified as non-exempt, there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate." Romero v. H.B. Auto. Grp., No. 11 Civ 386 (CM), 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012) (citations omitted).

      Plaintiff and Defendants appear to disagree as to whether Plaintiff is exempt under the MCE. See ECF No. 35 at 2 (arguing that Plaintiff is subject to the unique defense of the MCE). The primary dispute appears to be about the factual question as to whether Plaintiff ever drove interstate, although this also shows a legal misunderstanding of the applicability of the MCE, which applies where the drivers haul goods in a practical continuity of movement in interstate commerce. See, e.g., Guinn v. Sugar Transp. of the Nw., Inc., No. 2:16 Civ. 325 (WBS) (EFB), 2017 WL 6513306, at *3 (E.D. Cal. Dec. 20, 2017) (citation omitted). The MCE is a defense that Defendants may assert, see McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 399 (E.D.N.Y. 2011) (citation omitted), but, because its applicability and scope have not yet been decided, it cannot directly defeat this motion. See Jeong Woo Kim, 985 F. Supp. 2d at 447.

### III.   DISCUSSION

Taking these lenient standards into consideration and carefully reviewing Plaintiff's motion, the Court determines that Plaintiff's submission is insufficient to support the grant of the motion for conditional collective action certification.  Plaintiff has only submitted his own affidavit, and not any accompanying affidavits from any of the small collective of workers who would be included in the action.  See Hernandez v. Arctic Glacier, USA, Inc., No. 3:15 Civ. 01938-L (JMA), 2017 WL 1155346, at *3 (S.D. Cal. Mar. 28, 2017) (denying motion for conditional collective action certification and stating of the plaintiff's evidence that "[h]is assertion upon information and belief that other drivers are similarly situated carries little force[;] . . . is a general statement that lacks any specific, factual support[;] . . . provides no information at all as to the identity or number of these drivers[;] [and does not] provide any explanation as to how [the plaintiff] learned of them").  First, Plaintiff has failed to address the exemptions under the FLSA that may be relevant here, or to provide any specific, nonconclusory evidence as to the allegedly common overtime policy across Defendants' different locations and businesses.  As to the MCE, Plaintiff fails to provide information about whether the members of the proposed collective action, other than drivers, are subject to similar job requirements as Plaintiff; whether the other drivers or warehouse workers are similarly subject (or not subject) to the MCE; and whether the allegedly unlawful overtime policy violates the FLSA as to all workers in the same way.  He also fails to address whether the administrative workers are subject to the FLSA exemption.

Defendants' raising of the MCE highlights how little information Plaintiff provides about whether other workers—drivers or others--are similarly situated.  Plaintiff does not provide details about any of the work done by other drivers; he does not describe their job

9

responsibilities, their licenses or experience, their truck routes, their trucks, their safety duties, their responsibilities for loading and unloading trucks, or their interaction with other store and warehouse workers or with customers. He does not give any personally identifying details about them so that they can be identified as actual present or former employees. See Bishop v. Petro-Chem. Transp., LLC, 582 F. Supp. 2d 1290, 1296 (E.D. Cal. 2008) (reasoning that the "[p]laintiff's declaration is entirely deficient in the similarity of the truck drivers" and "does not state any facts as to other potential class members similarly situated as him"). Instead, he provides extremely limited information about the drivers. He claims that the Defendant entities operated together such that employees, "including me and all other truck drivers," did not know which entity was the employer, and he alleges that there was a supervisor who set schedules and handled other administrative matters including "all of those matters as they pertain to me and all other truck drivers." ECF No. 34-1 ¶¶ 3-4. He does not provide any information as to how he knows that other truck drivers worked the same hours he did or that they did not have breaks, which is a noticeable omission, as he suggests that he was often on the road driving from location to location. He only states that he spoke with drivers "Alfredo" and "Desmond Hollerman," id. ¶ 11, but he does not recount any of their conversations or give personal identifying information about them. With so little information, except that some of the employees were drivers and warehouse workers, the Court cannot determine whether the drivers and warehouse workers were similarly situated to Plaintiff with regard to the FLSA and MCE, or differently covered by the FLSA. See Guinn, No. 2:16 Civ. 325 (WBS) (EFB), 2017 WL 6513306, at *3 (reasoning that "the court would need to engage in an individualized analysis to determine which, if any, of the drivers could in fact be categorized as exempt from the FLSA"); Ingram v. Coach USA, Inc., No. 06 Civ. 3425 (KSH), 2008 WL 281224, at *7 (D.N.J. Jan. 28,

2008) (denying certification as to employees who may have driven buses because record was lacking in sufficient information as to whether the MCE would apply to such drivers, distinguishing them from other employees).

As to all other employees not obviously involved with vehicle safety, Plaintiff does not describe their working hours except to say that he "observed them working similar if not the same hours as me." ECF No. 34-1 ¶ 10.  He does not explain how he could observe the working hours of store workers or warehouse workers when his own job was to drive among Defendants' several stores.  Id. ¶ 5.  Plaintiff does not identify the positions of the non-driver workers with whom he spoke, other than naming "Kabal" as a cashier and "Hasson" as a receptionist.  Id. ¶¶ 10-11.  He does not provide any details about Kabal or Hasson, such as when he would usually encounter them, under what circumstances he interacted with or observed them, at what location or locations they worked, what their responsibilities were, about what he spoke with them, and, in particular, about what he observed that led him to allege that they were all paid a flat rate of salary in the same manner as he was paid.  In the same vein, he does not provide any details about any other employees and his interactions with them, particularly with regard to knowing the hours and days that they worked, knowing what their duties were, or being familiar with their weekly pay or pay rate.  For example, Plaintiff does not provide any details as to how he knows that Kabal, Hasson and other members of the proposed collective action were not paid an overtime premium, other than that he "personally observed" that they were paid a flat weekly rate, and that he had conversations with "them." ECF No. 34-1 ¶ 10.  Plaintiff does not provide any information, such as with whom, when, where or about what he discussed regarding wages with Defendants' other employees. ECF No. 34-1 ¶ 10.  He generally states that he "worked, observed and interacted with" about 50 employees, but he does not give any description of these

11

unnamed contacts—no personal identifying information, no physical descriptions, no descriptions of their job duties, and no information about their relationship to vehicle safety, their supervisory responsibilities or the locations where they worked. Id. ¶ 11. Plaintiff simply makes a vague reference to speaking with "some or all of these individuals," but the individuals to whom he is referring are unclear from the declaration. Id.

      This case is thus very different from the primary decision on which Plaintiff relies, Xia v. New Yung Wah Carrier LLC, 21 Civ. 4475 (HG) (VMS), 2023 WL 130830 (E.D.N.Y. Jan. 9, 2023), in which extensive evidence about Defendants' alleged pay practices for different employee positions was provided. The standard for factual submissions sufficient to support conditional collective action certification is low, but it is not non-existent. Plaintiff's submissions are too vague and conclusory, and they are so lacking in detail that the Court cannot determine whether Plaintiff and any other employees are similarly situated with regard to their jobs, whether any FLSA exemptions might apply to them, and what Defendants' pay practices for their several different locations and businesses were. Given these multiple factual omissions, the Court denies Plaintiff's motion for conditional collective action certification. See Lopez v. St. Luke's Roosevelt Hosp. Ctr., No. 23 Civ. 2880 (JPC) (GS), 2024 WL 836480, at *6 (S.D.N.Y. Feb. 28, 2024) (denying the motion for conditional certification, which was made based on one affidavit that only included "conclusory statements such as 'I know that other employees in the same or similar position worked over forty [ ] hours per week' and '[t]he employees talk to each other, and I know that [the defendant] did not pay overtime to its field security supervisors'" (citation omitted)); Reyes v. Nidaja, LLC, No. 14 Civ. 9812 (RWS), 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015) (denying certification where plaintiff did not "identify any of the other employees by name[,] . . . indicate the time or circumstances

surrounding his observations," or "state that he had conversations with any other employee regarding their [sic] treatment, pay, job duties, or responsibilities"); <u>Sanchez v. JMP Ventures, L.L.C.</u>, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide <u>any</u> detail as to a <u>single</u> such observation or conversation.  As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." (footnote omitted)) (emphasis in original).

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for conditional collective action certification is denied.

Dated: Brooklyn, New York
         September 29, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge